United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMANDA STOKES,

        Plaintiff,

vs.

Sergeant COLOBALE and Sergeant JOHNSON,

        Defendants.

No. C 05-3950 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

This is a civil rights case filed pro se by a state prisoner. The events giving rise to the complaint apparently occurred at the San Mateo County Jail, where plaintiff formerly was housed. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended. The court will now review the amended claims to determine whether they should be served. *See* 28 U.S.C § 1915A(b)(1),(2) (court must screen prisoner complaints and dismiss claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief).

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

The original complaint was dismissed because plaintiff provided only a conclusory allegation that she had been sexually assaulted and beaten, without mentioning the only defendant named in the caption, Sergeant Johnson, and because it was unclear who the defendants were intended to be. In the section of the form which asked for the names and addresses of the defendants, she had written: "Sgt John" and "Sgt Colobale." Not only were they not the defendants named in the caption, but they also were not mentioned in the statement of the claim.

In the amendment plaintiff still lists only one defendant in the caption, this time Sergeant Colobale rather than Johnson. In the page seven list of defendants she lists both Johnson and Colobale. In her statement of claim she says: "I had no rights to freedom of speech. When trying to voice my opinion, she would have 6 to 8 men come in the room

and take my clothes of[f] me, put me in a chair and beat me. For no reason. I was told she's very intimidated by me."

The problem is that there are two defendants, Colobale and Johnson, and it is not possible to tell from the allegations quoted above which defendant plaintiff contends caused her to be tied to a chair and beaten for expressing her opinion. In addition, plaintiff mentions only one person ("she") in the statement of claim, but there are two defendants; there are no facts alleged as the second defendant, whichever one is not the one who ordered the beating. Plaintiff also fails to say when the beating occurred, which would make it difficult for defendants to respond. For these reasons, the complaint must be once again dismissed with leave to amend.

**CONCLUSION**

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 29, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\STOKES950.DWL2.wpd