UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMANDA STOKES,

        Plaintiff,

vs.

Sergeant COLOBALE; Sergeant JOHNSON; and SAN MATEO COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

        No. C 05-3950 PJH (PR)

        **ORDER OF DISMISSAL**

        This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order because plaintiff provided only a conclusory allegation that she had been sexually assaulted and beaten, and because it was unclear who the defendants were intended to be. The only defendant named in the caption was Sergeant Johnson, but in the section of the form which asked for the names and addresses of the defendants, she named "Sgt John" and "Sgt Colobale." Not only did this differ from the caption, but neither was mentioned in the statement of the claim.

        Plaintiff amended, but the amendment still had only one defendant in the caption, this time Sergeant Colobale rather than Johnson, and again both Johnson and Colobale were named in the list of defendants. Her claim for relief was: "I had no rights to freedom of speech. When trying to voice my opinion, she would have 6 to 8 men come in the room and take my clothes of[f] me, put me in a chair and beat me. For no reason. I was told she's very intimidated by me." Because there were two defendants, Colobale and Johnson, it was not possible to tell who she contended had caused her to be tied to a chair and beaten for expressing her opinion, and she had again failed to allege any facts about whichever defendant did *not* do that. The complaint therefore was once again dismissed

with leave to amend.

Plaintiff has amended. She now names both sergeants plus the San Mateo County Sheriff's Department. Her statement of claim, however, contains no allegation at all regarding any of the defendants; it is phrased in the passive – "I was beat" – without saying who did what. She thus has not stated a claim against either individual defendant. And she does not contend that what happened to her was pursuant to a policy or custom of the Sheriff's Department, so she has not stated a claim against the department. *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610-11 (9th Cir. 1986).

Because this is the third version of the complaint and plaintiff still has not stated a claim against anyone, the case will be dismissed without further leave to amend.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** with prejudice. The clerk shall close the case.

**IT IS SO ORDERED.**

Dated:  April 29, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\STOKES950.DSM.wpd

2